## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICIA HASAMEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 3:17-cv-653 |
| | ) | |
| HOME DEPOT U.S.A. INC | ) | |
| b/d/a Home Depot, | ) | |
| | ) | |
| Defendant. | ) | |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-captioned case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referenced to as "Confidential Information," and witness testimony containing Confidential Information, Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1. *Designation of Material*. Documents and other things claimed to be or to contain Confidential Information shall, at the time the document is produced or within twenty-one (21) days, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order. With respect to electronic data or information, the notation "Confidential" shall be plainly marked on a label affixed to the disk, tape, or other medium on which the information is transmitted or stored. To designate answers to interrogatories or answers to requests for admissions which contain confidential information, the producing party shall mark each page thereof with the notation "Confidential" in a separate document and make reference to the separately-produced document containing the answer. Such separate document shall be deemed to be verified by the signature of the responding party on the interrogatory answer.

2. *Designation of Depositions.* Counsel or a party may designate any deposition transcript believed to contain confidential testimony or exhibits (including any video recording of the deposition) as provisionally Confidential by noting the designation on the record during or at the conclusion of the deposition. The failure of any party to provisionally designate as

Confidential any portion of the deposition at or during the deposition shall not preclude the party from subsequently designating any portion of the deposition (identified by page and line number) as Confidential. Where a deposition has been provisionally designated as Confidential, the court reporter shall mark the cover of the transcript with the legend, "PORTIONS OF THIS TRANSCRIPT ARE CONFIDENTIAL PURSUANT TO COURT ORDER." The party making the provisional designation shall have thirty (30) days after the delivery of the deposition transcript to notify the court reporter and the other parties to this action in writing of which pages and line numbers of the transcript are to be treated as Confidential. Until the expiration of the thirty (30)-day period, the entirety of the transcript will be treated as Confidential. Documents and deposition transcripts designated as Confidential pursuant to this Protective Order may be introduced as exhibits in depositions or in hearings in this action. Such Documents and deposition transcripts used as exhibits shall not thereby lose their Confidential status, and the exhibits shall be treated as Confidential by the parties pursuant to this Protective Order. Information disclosed at a deposition that is not designated Confidential pursuant to this paragraph may be treated as though it is not Confidential.

3. *Subsequent Designation*. In the event that a Producing Party inadvertently or mistakenly fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, that party may subsequently designate such information by giving written notice to all Receiving Parties. The Producing Party shall so designate the Document or testimony when the error is discovered and communicate such designation in writing to counsel for the Receiving Party. The inadvertent, mistaken or unintentional disclosure of any Confidential Information by a producing party shall not be construed as a waiver, in whole or in part, of the Producing Party's claim of confidentiality either as to the specific Document disclosed or as to any other related information. All Receiving Parties who disclosed such information before receiving the Producing Party's written notice of the inadvertent or mistaken failure to designate a document or other information as Confidential shall inform the Producing Party of the disclosure and to whom the disclosure was made so as to allow the Producing Party to attempt to retrieve the Document or information. No Receiving Party, however, shall have any other obligation or liability due to any disclosure of the information that occurred before the receipt of such notice provided that any subsequent disclosures shall be in accordance with such designation.

If information subject to a claim of attorney–client privilege, attorney work product or any other privilege, protection or immunity is inadvertently or mistakenly produced, such production shall not constitute a waiver of, or estoppel as to, the Producing Party's right to assert such a claim of privilege, work product or other protection or immunity with respect to the produced materials. If a claim of privilege, work product or other protection or immunity is asserted with respect to information then in the custody of another party, such Receiving Party shall promptly return the original and all copies of the information to the claiming party and shall not use such information for any purpose. The return of the materials to the Producing Party shall not preclude a Receiving Party from subsequently moving the Court for an order compelling production of the material based on a ground other than waiver of privilege.

4. *Challenges of Designation.* At any time, any party may challenge the propriety of the designation of a given document or information as "Confidential" by notifying the producing

party of its challenge, and the bases therefore, in writing. Upon a failure to reach agreement upon the propriety of the "Confidential" designation, the party seeking to challenge the designation of the Document or information as "Confidential" may file a motion for hearing seeking relief from the court whereby the burden shall be on the party making the "Confidential" designation to demonstrate the propriety of the designation. All documents, testimony or other materials designated by the Producing Party as "Confidential", however, shall retain their status and full protection under this Order until such time as the Court enters an Order otherwise and the time for taking an interlocutory appeal from such Order has expired. In the event an interlocutory appeal is timely filed, the testimony or other information designated as "Confidential" shall retain its status until a ruling from the court of appeals.

5. *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, the parties shall take all reasonable steps to ensure no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

**Use of Confidential Information**

6. *Use Confidential Information*: Documents designated as Confidential pursuant to this Protective Order may be disclosed only to: Outside Counsel of record in this proceeding; employees, former employees, directors, officers, members, managers and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting in this litigation, or who appear as witnesses in connection with it; independent third parties employed or consulted by any party and/or its counsel to assist in the preparation for and trial of this action, such as independent accountants, statisticians, economists, or other technical experts or consultants; deponents; potential trial witnesses; Court personnel, court reporters, stenographic reporters and videographers); any other persons agreed to by the parties or pursuant to court order; *provided that,* any and all such persons agree in writing to be bound by the terms of this Protective Order by executing the Confidential Undertaking before disclosure. Further, Documents which contain any Confidential Information and/or are designated as Confidential pursuant to this Protective Order shall be used only for the purposes of this litigation and shall not be publicized, revealed, or otherwise made available to any person other than those listed in this Paragraph.

7. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

8. *Inadvertent Disclosure by Receiving Party*: If Confidential Information is inadvertently or mistakenly disclosed by the Receiving Party to any person or party not authorized to receive it under this Protective Order, then the Receiving Party shall, immediately after discovering such inadvertent disclosure: (a) inform the person to whom the information was disclosed of all the provisions of this Protective Order; (b) make a reasonable attempt to retrieve all copies of such document(s) or information from that person; (c) request that the person to

whom the document(s) or information was disclosed sign the Confidential Undertaking; and (d) notify the Producing Party of the inadvertent disclosure and identify the person to whom the disclosure was made.

9. *Disclosure with Consent*. Nothing in this Protective Order shall prevent disclosure of Confidential Information beyond the terms of this Protective Order if the producing party consents to such disclosure in writing before the disclosure. Nothing in this Protective Order shall be construed to limit the ability of a producing party to disclose its own Confidential Information to anyone or using it in any way.

10. *Subpoena.* Nothing in this Protective Order shall prohibit the disclosure of any Confidential Information to comply with an order of any court or pursuant to a valid subpoena wherein the order or subpoena specifically directs the disclosure of such Confidential Information. If a party receives such a subpoena or order demanding production of Confidential Information, the producing party shall be notified immediately, and in any event, at least ten (10) days (or such time provided in the order or subpoena if less than ten days) before the date disclosure is required, to allow the Producing Party sufficient time to object to such further disclosure. The receiving party shall not produce Confidential Information prior to the date disclosure is required or a ruling by the court or governing tribunal on a motion to quash and/or any objection made by the Producing Party, whichever occurs later.

11. *Filing Under Seal.* If a party files any pleading, motion or any other document with the Court that contains, cites to, or annexes any Confidential Information subject to this Protective Order, that court filing must comply with the following protocol. The Confidential Information shall not be filed as part of the court record. The party seeking to file any pleading, motion or any other document with the Court that contains, cites to, or annexes any Confidential Information shall obtain leave of court to file the Confidential Information under seal. Upon leave of court, the filing shall be submitted to the Court in compliance with the local rules.:

**Other Provisions**

12. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

14. *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. This Order is not admissible at trial and no party may make any adverse inference with respect to documents produced pursuant to this Order. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with

respect to any Confidential Information, including but not limited to the grounds of admissibi1ity of evidence, materiality, trial preparation materials and privilege.

15. The rules governing the use of Confidential Information at trial shall be determined at a future date. Nothing in this Order shall be construed as consent by either party to the presentation to a jury at trial of any document with the notation "Confidential" or to any statement to a jury that any document has been marked "Confidential."

The parties having stipulated and agreed hereto,

IT IS SO ORDERED.

DATED: December 1, 2019

_____
Donald G. Wilkerson
United States Magistrate Judge

So stipulated and agreed:

/s/ Blake Meinders_____   /s/ Heather D. Erickson_____

**Attorney for Plaintiff, Patricia Hasamear**

Mr. Blake G. Meinders
Sprague & Urban Law Office
26 East Washington Street
Belleville, Illinois 62220

**Attorney for Defendant, Home Depot USA, Inc.**

Sanchez Daniels & Hoffman LLP
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PATRICIA HASAMEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 3:17-cv-653 |
| ) | |
| HOME DEPOT U.S.A. INC ) | |
| b/d/a Home Depot, ) | |
| ) | |
| Defendant. ) | |

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED
## BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I, _____, hereby attest to my understanding that information or documents designated "Confidential" are provided to me pursuant to the terms and conditions and restrictions of the Protective Order entered in the above-captioned matter, that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall abide by the terms of the Protective Order and not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to abide by the terms of the Protective Order and honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding and agree to subject myself to the jurisdiction of the United States District Court for the Southern District of Illinois.

_____

Subscribed and sworn to before me
this \_\_\_\_day of _____, 20\_\_

_____
NOTARY PUBLIC